IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA SCHORRBUSCH, individually, and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:18-cv-1850-BN |
| COMMERCIAL TRADE, INC., | § § | |
| Defendant. | § § | |

## ORDER GRANTING PLAINTIFF'S VOLUNTARY DISMISSAL

Plaintiff Amanda Schorrbusch  filed a Notice of Voluntary Dismissal [Dkt. No. 24] on April 9, 2019. In this motion, Plaintiff seeks a voluntary dismissal of the suit with prejudice because the parties have reached a settlement. *See* Dkt. No. 22.

A voluntary dismissal is only allowed under either Rule 41(a)(1)(A)(ii) on a "stipulation of dismissal signed by all parties who have appeared" or under Rule 41(a)(2) "by court order, on terms that the court considers proper. " FED. R. CIV. P. 41(a)(1)(A)(ii), (a)(2). Since only Plaintiff signed the stipulation, the Court ordered Defendant Commercial Trade, Inc. to either file a response to Plaintiff's motion, or submit a stipulation of dismissal. *See* Dkt. No. 25. Defendant subsequently filed a response agreeing and stipulating to Plaintiff's motion. *See* Dkt. No. 26.

While the parties are not entitled to an automatic dismissal of this action under Rule 41(a)(1)(A)(ii) because they filed two separate documents, the Court evaluates Plaintiff's motion under Rule 42(a)(2). As such, the Court believes voluntary dismissal

in the instant action to be proper because the parties have reached a settlement and

both parties seek dismissal of the action without prejudice. Accordingly, this case is

**DISMISSED with prejudice.**

    **SO ORDERED**.

    DATED: April 30, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

2